### BANK OF LITTLE ROCK *v.* COLLINS.

#### Opinion delivered March 11, 1899.

1. CONDITIONAL SALE—EFFECT.—Where a note given for the purchase money of personal property provides that such property shall remain the property of the vendor and its assigns, and for default of payment shall be returned to the vendor or assigns, the effect is a reservation of title in the vendor or assigns until the property is paid for, and the vendee, and those claiming under him, cannot acquire title without having paid the purchase money. (Page 242.)

2. SAME—ASSIGNMENT OF VENDOR'S RIGHTS.—Under Sand. & H. Dig. § 489, providing that "all bonds, bills, notes, agreements and contracts in writing for the payment of money or property, or for both money and property, shall be assignable," where a sale of personal property is made upon condition that title shall be reserved in the vendor until the purchase money is paid, the reservation is part of the contract, and passes to the vendor's assignee the right to sue for and recover the property in his own name, upon default in payment of the purchase money at maturity. (Page 242.)

Appeal from Pulaski Circuit Court. ·

JOSEPH W. MARTIN, Judge.

*J. A. Watkins*, for appellant.

Where a chattel is sold with a reservation of title in the vendor until the price is paid, the title remains in him until the condition is performed, and the vendee can convey no title. 47 Ark. 363; 49 Ark. 63; 48 Ark. 160; 48 Ark. 273. The recital in the note of reservation of title did not inpair its negotiability; and the assignment of the note carries with it the security reserved. 48 N. W. 1100, 1103; 4 Chand. (Wis.) 153; 3 *id.* 83; 9 Wis. 503; 11 Wis. 353; 39 Wis. 146; 16 Wis. 645; 45 Wis. 110; 17 Wis. 303; 36 N. H. 40; 10 Vt. 294; 6 Allen, 86; 29 Conn. 29; 7 Blackf. 297; 51 Pac. 649; 18 So. 365; 47 Miss. 289; 54 Miss. 286; *ib.* 524; 36 Minn. 198; 35 Minn. 434; 44 Vt. 277; 59 Ark. 225, 232.

*T. J. Oliphint*, for appellee.

The assignment of a note given on a conditional sale does not carry with it the property as an incident, because the prop-

erty is not a *security*. 48 Ark. 160; 38 Ark. 264; 95 N. Car. 117. Assignment of the note in suit waived reservation of title until payment, and was an election to enforce payment. 69 Tex. 237; 48 Ark. 160; 109 Cal. 353; 18 S. W. 136. Assignment of note in blank is insufficient to enable indorsee to replevy the property. 63 Ind. 322.

BATTLE, J. On the 16th day of April, 1896, the Bank of Little Rock instituted an action of replevin in the Pulaski circuit court against W. D. Collins to recover the possession of certain personal property described in its complaint, and averred that it was the owner thereof, and entitled to the possession of the same, and that Collins unlawfully detained the property after a demand made by it for the possession. It based its right to recover upon a contract, which is set out in its complaint, and is as follows:

"$650. Little Rock, Ark., Sept. 1, 1894.

"On or before the 15th day of November, 1895, we promise to pay to Thomas Manufacturing Company, or order, six hundred and fifty dollars, at their office in Little Rock, for value received in one Thomas Standard Press No. 1482, two Gwathney Huller Gins with feeders and condensers, gins numbered 109 and 110, also elevator system complete, Atlas Center Crank Engine and Boiler furnished by said Thomas Manufacturing Company, with interest from date at the rate of eight per cent. per annum until paid. The goods described, for the use of which to the maturity hereof this note is given, is and shall remain the property and under the control of Thomas Manufucturing Company or assigns; and for default of payment, or if the said Thomas Manufacturing company deem the goods described in unsafety by removal or any other cause, they shall, on demand and without legal process, be returned to Thomas Manufacturing Company, or assigns, in good order, in which event we will pay fifty dollars per month for the use thereof from this date and for any damage done to the same. This is first note of series of two.

[Signed] "LON A. DUNKELBERG.

"JULIA ($\underset{\text{mark}}{\overset{\text{her}}{\text{X}}}$) PARSONS.

Witness: "GEO. G. LOW."

It alleged that this contract was transferred and assigned to it by the Thomas Manufacturing Company. The defendant demurred to the complaint because the facts stated therein were not sufficient to constitute a cause of action, and the court sustained the demurrer. Did it err in so doing?

The defendant contends that it did not, because the transfer of the contract upon which the plaintiff in its complaint based its right to recover did not convey the property in controversy, and because the title to the same thereafter remained as it was before the assignment was made. The sufficiency of the complaint in every other respect seems to be conceded. The defendant's contention presents the only question which the parties ask us to consider, and for that reason we shall decide no other.

The contract in question contains a promise of the makers to pay to Thomas Manufacturing Company, or order, $650 for the goods in controversy, and provides that they "shall remain the property and under the control of Thomas Manufacturing Company or assigns." The time when, or the condition upon the performance of which, they shall cease to be the property of the Manufacturing Company, or its assigns, is not specified, but it does provide in what event they shall be returned to the Manufacturing Company, or assigns, and that is upon default of payment, or when the Manufacturing Company shall deem them unsafe by removal or any other cause; in either of which events the property was to be delivered on demand to the Manufacturing Company or assigns. According to these stipulations, the goods would be no longer returnable after the payment of the $650 and interest, but would become the property of the makers of the contract. The result is, the contract between the Manufacturing Company and the other parties was a conditional sale.

The purchasers assumed a twofold obligation: Until the maturity of the contract they were bound to pay the purchase money to the Manufacturing Company, or order, and, upon default of payment at maturity and demand for the return of the goods, they agreed to deliver them to the Manufacturing Company or assigns, and pay fifty dollars a month for the use of them, and for any damage to the same. As each obligation

rested upon the parties, the contract was assignable under the statutes of this state, which provide: "All bonds, bills, notes, agreements and contracts, in writing, for the payment of money or property, or for both money and property, shall be assignable." Upon the assignment the right to sue for and recover the property or money, as the case may be, in its own name, passed to the assignee. Sand. & H. Dig. § 489.

The vendor evidently retained the title to the property to induce the purchasers to pay promptly, and to indemnify it against loss in the event they failed to do so. They and those claiming under them could not acquire any title without the payment of the purchase money, unless it (the vendor) waived the right to the property. The reservation was a part of the contract, and added to its value, and passed, under our statutes, to the assignee as a necessary part of the same; and this carried with it to the assignee the right to sue for and recover the property, in its own name, upon default in the payment of the purchase money at maturity.

The judgment of the circuit court is reversed, and the cause is remanded, with directions to the court to overrule the demurrer, and for other proceedings.