LITTLE ROCK VEHICLE & IMPLEMENT COMPANY *v.* ROBINSON.

Opinion delivered May .27, 1905.

1.  SALE—RESERVATION·OF TITLE—RIGHT OF VENDOR TO RESELL.—Where a buggy was sold on a credit, with reservation of title, and was retaken by the vendor for a balance of the purchase money, and there was evidence that at the time it was retaken the vendee agreed to pay within a specified time the balance of the purchase money and the amount of a repair bill which the vendor had paid, it was error to refuse to instruct the jury that if the vendee so agreed,   and failed to pay within the specified time, the vendor had the right to sell the buggy for the payment of the debt.  (Page 550.)

2.  WITNESS—CROSS-EXAMINATION—DISCRETION OF COURT.—While great latitude is allowed in the cross-examination of a witness touching his residence, occupation and habits, so as to reflect light upon his credibility, the trial court has a discretion as to how far a party may, with propriety, cross-examine a witness as to acts of immorality, and should *not permit any needless or wanton abuse of the privilege.* (Page 550.)

Appeal from Pulaski Circuit Court.

EDWARD W. WINFIELD, Judge.

Reversed.

This is a suit brought by appellee, Etta Robinson, against appellant for damages for the conversion of a buggy. Appellant had sold her the buggy for $125, part cash paid and balance evidenced by her note, in which the title to the buggy was retained in appellant until payment of the note. She paid the note down to $17.50, and when appellant's collector came to see her about it she gave him an order for the buggy to one Schader who held it for a repair bill, and also gave the collector $5 with which to pay Schader's bill. The buggy had also been attached by one Adams for a repair bill due, and the attachment suit was then pending. Appellant, in order to get possession of the buggy, paid the Adams bill and cost of suit, amounting to $10.65, and the suit was dismissed. After keeping the buggy about three months, appellant sold it.

There is a conflict in the testimony as to the agreement between the parties when the buggy was delivered to appellant. The secretary of appellant corporation testified that, after he received the buggy into his possession, appellee came to see him, and agreed to pay $10 that week and the balance due on the note and the Adams bill, $10.65, within ten days thereafter, but that she never returned or paid anything. Appellee denied that she agreed to pay the Adams bill, but admitted that she owed Adams $8 for repairing the buggy. She testified that appellee took her buggy, and before the sale of it she offered to pay the balance due on the note, $17.50, and that appellant's secretary refused to accept it, and demanded payment of the Adams bill before he would release the buggy.

Appellant asked the court to give, among others, the following instruction, which was refused, and exceptions were duly saved:

"2. If you find that, at the time or after the defendant took possession of the buggy, it had an agreement with plaintiff whereby plaintiff was to pay the balance due defendant on the buggy, together with the sum due for repairs by Adams, within a time named, and further find that plaintiff failed to pay said sum, or tender the same within that time, then defendant had the

right to sell the buggy, and devote the proceeds to its own use, without further notice to plaintiff."

The jury returned a verdict in favor of the plaintiff for $42.50, under instruction which told them that in the event they found for the plaintiff the measure of damages would be the value of the buggy, less $17.50.

*Pugh & Wiley,* for appellant.

The vendor had the right to retake his property after default in payment, and to dispose of same as he saw fit. 49 Ark. 63; 55 Ark. 642; 47 Ark. 363; 48 Ark. 160. The law presumes that a letter, properly addressed and mailed, reaches the party addressed, and the burden is upon the appellee to show that the letter was not received. 22 Am. & Eng. Enc. Law, 1252; 60 Ark. 539.

*F. T. Vaughan,* for appellee.

McCULLOCH, J., (after stating the facts.) The court erred in refusing to give the instruction hereinbefore set forth. It put before the jury a material issue about which the testimony was conflicting. No other instruction was given covering that phase of the case, and the jury were left without any guide in passing upon the issue as to whether appellee had agreed, after she delivered the buggy to appellant, to pay the balance of the note and the Adams bill within a specified time. A witness (appellant's secretary) had testified to that fact, and appellant was entitled to have it passed upon by the jury under proper instructions. If those facts were true, and appellee failed to pay within the specified time, appellant had the right, under the reservation of title, to sell the buggy for the payment of its debt.

Counsel for appellant assigns error, also, in the refusal of the court to permit them to interrogate appellee, on cross-examination, as to her recent acts, conduct and habits of immorality, for the purpose of impeaching her credibility. They had previously asked her the question, "Are you not a kept woman?" to which she replied in the negative. The exception in the record is too general for us to know the precise questions counsel sought the

opportunity to ask, or the facts they expected to elicit. Great latitude is allowed in the cross-examination of a witness touching his residence, occupation and habits, so as to reflect light upon his credibility, and specific acts of immorality may be thus elicited which could not be proved by other impeaching witnesses (*Hollingsworth* v. *State,* 53 Ark. 387), yet this rule is not without its limitations. The trial court has a discretion as to how far a party may, with propriety, cross-examine a witness in a given case as to acts of immorality, and should not permit any needless or wanton abuse of the privilege. *Wilbur* v. *Newcomb,* 16 Mich. 40.

For the error in refusing to give instruction number 2 asked by appellant, the judgment is reversed, and the cause remanded for a new trial.