197 FEDERAL REPORTER

In re LUTZ.

(District Court, E. D. Arkansas, W. D.   July 1, 1912.)

No. 1,393.

1. BANKRUPTCY (§ 184*)—CONDITIONAL SALE—VALIDITY—WHAT LAW GOVERNS.

The construction and validity of a conditional sale in bankruptcy proceedings must be determined by the laws of the state where the contract was made and to be enforced.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

2. BANKRUPTCY (§ 184*)—CONDITIONAL SALES—VALIDITY—BONA FIDE PURCHASER.

Under the law of Arkansas, a conditional sale, though not recorded, is valid as against the buyer's trustee in bankruptcy until condition is performed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*]

3. SALES (§ 473*)—CONDITIONAL SALES—VALIDITY —BONA FIDE PURCHASER.

Under the laws of Arkansas, a conditional sale vests no title in the buyer until performance of the condition, even as against a bona fide purchaser without notice.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1377–1390; Dec. Dig. § 473.*]

4. SALES (§ 470*)—CONDITIONAL SALES—CONDITION SUBSEQUENT.

Conditional sales of personal property may be made to depend on a condition subsequent, as well as a condition precedent.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1354, 1356, 1358–1364; Dec. Dig. § 470.*

What constitutes a contract of conditional sale, see note to Dunlop v. Mercer, 86 C. C. A. 448.]

In Bankruptcy.   In the matter of bankruptcy proceedings of Elmer Lutz.   On petition to review a referee's order allowing the intervention claim of Julius and Mary Zinn to recover certain property sold to the bankrupt under conditional sale or the proceeds thereof.   Affirmed.

James V. Johnson, for interveners.
Wallace Townsend, for trustee.

TRIEBER, District Judge.   Interveners sold to the bankrupt certain trade fixtures for the sum of $1,000, of which $400 was paid in cash, and for the balance of the purchase money notes payable in monthly installments were executed by the bankrupt.   The bill of sale was in the form of a deed of indenture, signed by the vendors and vendee, and conveyed the personalty to the bankrupt with covenants of warranty and containing the following provision immediately after the covenants of warranty:

"It is further agreed between the parties hereto that, in the event of a default of the said E. Lutz in the payment of any of the above-described notes when same shall become due, it is understood and agreed that said Julius and Mary Zinn may declare this sale forfeited and retake all of the goods hereby transferred."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

This agreement was neither acknowledged nor recorded. Upon the bankruptcy of Lutz and the nonpayment of any of the notes, the interveners declared the same forfeited, and demanded from the trustee in bankruptcy possession of the goods. By agreement of parties the property was sold by the trustee, free from all liens and claims, the proceeds to take the place of the property. The sum realized from the sale is less than the amount due on the purchase-money notes.

The referee, Hon. Charles C. Waters, held that upon these facts the interveners were entitled to the property, and now to the money or proceeds of the sale, to an amount sufficient to pay the notes in full. The trustee now seeks to set aside the order of the referee on petition for review.

[1-3] The construction and validity of a conditional sale must be determined by the local laws of the state where the contract was made and was to be performed. Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; York Manufacturing Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782; Bryant v. Swofford Bros., 214 U. S. 279, 29 Sup. Ct. 614, 53 L. Ed. 997, the last cited case affirming In re E. M. Newton & Co., 153 Fed. 841, 83 C. C. A. 23, a case which arose in the state of Arkansas. In that case the Circuit Court of Appeals, after a review of the decisions of the highest court of that state, held that a conditional sale, although not recorded, is valid as against a trustee in bankruptcy; that under the laws of Arkansas a conditional sale vests no title in the vendee until performance of the condition, even as against a bona fide purchaser without notice, is not questioned. Bank of Little Rock v. Collins, 66 Ark. 240, 50 S. W. 694; Triplett v. Mansur & Tebbetts, 68 Ark. 230, 57 S. W. 261, 82 Am. St. Rep. 284; Little Rock Vehicle, etc., Co. v. Robinson, 75 Ark. 548, 87 S. W. 1029.

[4] Counsel for the trustee does not deny that that is the well-settled rule of law prevailing in this state, but contends that this was not a conditional, but an absolute sale, vesting the absolute title in the vendee, for the reason that a sale cannot be a conditional sale if dependent upon a condition subsequent. But this contention cannot be sustained. Conditional sales may be made to depend upon a condition subsequent, as well as a condition precedent. 6 Am. & Eng. Enc. of Law (2d Ed.) 470; Dunlop v. Mercer, 156 Fed. 545, 548, 86 C. C. A. 435, 438. In that case Judge Sanborn, speaking for the court, defines a conditional sale to be:

"One in which the vesting of the title in the purchaser is subject to a condition precedent, or in which its reinvesting in the seller is subject to a failure of the buyer to comply with a condition subsequent."

Applying this rule to the facts in the instant case, the sale was conditional, and, the condition having been broken, the vendors had the right to retake the goods, unless the trustee had been authorized by the creditors to pay the amount due on the notes executed for the purchase of the goods.

Whether the interveners would be entitled to retake the property, if their value exceeded the indebtedness due them, or be entitled to

a larger sum of money than the amount due them on the notes, if upon a sale a larger sum was realized, it is unnecessary to determine in this case, as the proceeds were insufficient to pay the full amount due on the notes.

The order of the referee was for the right party, and is approved.