[No. 16444.  Department Two.  September 8, 1921.]

## MARY BOWEN, *Respondent*, v. CHARLES RURY, *Appellant*.[1]

SALES (179-1)—CONDITIONAL SALES—ASSIGNMENT OF CONTRACT— EFFECT. An unconditional bill of sale by a conditional sales vendor to his vendee passes absolute title which is not divested by his subsequent assignment of the conditional bill of sale.

SAME (182)—REMEDIES OF SELLER—ELECTION—WAIVER OF RIGHT TO RETAKE PROPERTY. An action on a note secured by a conditional bill of sale is an election which waives the right to retake the property.

BILLS AND NOTES (60, 73-6)—ASSIGNMENTS—DEFENSES AGAINST BONA FIDE PURCHASERS—SET-OFF OR COUNTERCLAIM. Where a promissory note made in consideration of the sale of hotel furniture and fixtures has passed into the hands of a holder in due course, the maker cannot, in a suit upon the note by such holder, offset the value of a part of the furniture not owned by the payee, and of which the maker had been dispossessed at the suit of the true owner.

Appeal from a judgment of the superior court for Spokane county, Blake, J., entered October 28, 1920, upon findings in favor of the plaintiff, in an action on a promissory note, tried to the court. Affirmed.

*W. B. Mitchell,* for appellant.

*Zent & Jesseph* and *John M. Cannon,* for respondent.

MAIN, J.—This action is based on a promissory note. The cause was tried to the court without a jury and resulted in findings of fact, conclusions of law and a

[1]Reported in 200 Pac. 789.

judgment sustaining the plaintiff's right to recover. From this judgment the defendant, Charles Rury, appeals.

The facts are as follows: On October 8, 1919, Carney Swanson, being then the owner of the furniture and fixtures in a certain hotel or rooming house in Spokane, sold the same to the appellant upon a conditional sale contract. A part of the purchase price was represented by a note for $1,150, due on or before six months after date. The conditional bill of sale refers to this note and provides that, for the first six months, $25 per month shall be paid, and at the end of which time the entire amount shall become due. The note on its face is a straight obligation for $1,150, payable as stated on or before six months after October 8, 1919, which was the date upon which it was made and delivered. On the 9th day of October, 1919, or the day following the making of the conditional bill of sale and the note, Carney Swanson executed and delivered to the appellant an unconditional bill of sale which covered the property described in the conditional bill of sale, except that the lease to the building was not covered by the absolute bill of sale. On November 4, 1919, without recourse, Carney Swanson indorsed and delivered the note to one John Bachman, and at the same time executed and delivered to him an assignment of all her right, title and interest in and to the note and the "memorandum of conditional sale." On the first day of December, 1919, Bachman indorsed and delivered the note to the respondent, and on the same day executed and delivered to her an assignment of the conditional bill of sale.

The present action was begun on May 5, 1920, or more than six months after the entire amount of the note not then paid became due, not only by its terms,

but by the provision of the conditional bill of sale. Certain of the property that was covered by the conditional bill of sale, it developed subsequently, was not owned by Carney Swanson and was taken from the appellant in an action by the owner. In the present action, by his answer the appellant sought to offset the value of this property so taken from him against the amount due on the note. The trial court found, and the evidence sustains the finding, that the respondent acquired the note in due course of business, without notice or knowledge of any infirmities or equities against it and in good faith for a valuable consideration.

The question in the case is whether the appellant has a right to offset in this action against the amount due on the note the value of the furniture which was taken from him.

It is not necessary here to discuss or determine the question whether, when a conditional bill of sale is given for personal property and the purchase price is further evidenced by a promissory note, and the note is indorsed and the conditional bill of sale is assigned to a third party, in an action by such third party, the original maker of the note can plead an offset which would have been available to him had the note remained in the hands of the original holder. When the unconditional bill of sale was executed and de-- livered to the appellant by Carney Swanson, the title to the property there covered passed to him absolutely. The subsequent assignment referring to the conditional bill of sale from Carney Swanson to Bachman and from Bachman to the respondent cannot have the effect of divesting that title. The only effect of those assignments, so far as here material, would be to require a payment upon the note for the first six months at

the rate of $25 per month. The appellant, in his answer, alleged that Carney Swanson waived the conditional bill of sale when she gave the absolute bill of sale. The respondent, when she began this action, even if the conditional bill of sale had still been alive so far as it affected the title to the property, thereby elected to seek recovery for the balance due on the note as a debt and waived her right to retake the property. *State Bank of Black Diamond v. Johnson*, 104 Wash. 550, 177 Pac. 340. The title to the property having passed by the unconditional bill of sale, and six months having expired prior to the beginning of this action, the respondent had a right to maintain the action, and a defense against the note which would have been available to the appellant had it remained in the hands of the original holder was not available to him.

The judgment will be affirmed.

PARKER, C. J., MITCHELL, BRIDGES, and TOLMAN, JJ., concur.