[No. 20208. Department One. March 30, 1927.]

Thomas D. Redmon, *Appellant,* v. H. H. Andrews *et al., Respondents.*[1]

[1] Sales (179-1)—Conditional Sales—Assignment of Contract—
Effect. A conditional sales vendor who assigns the contract
parts with all title to the property, and is liable for a balance
due and payable to another "on the sale" of the property.

Appeal from a judgment of the superior court for Yakima county, Nichoson, J., entered March 20, 1926, in favor of the defendants, upon the dismissal of an action on contract. Reversed.

*McAulay & Freece,* for appellant.

*Shumate & Cheney,* for respondents.

French, J.   Some time in July, 1925, the appellant purchased from the respondents a Willys-Knight automobile, paying $675 down, the balance to be paid in monthly payments, evidenced by a conditional sales contract, which contract was, on July 24, 1925, sold, assigned and transferred to the General Credit Company.

On the same day the appellant delivered to the respondents a Big Six Studebaker touring car, and also delivered to respondents a bill of sale thereof. All of the testimony, both oral and written, shows that the agreed price of the Studebaker car was $1,350, one-half of which was applied as first payment upon the Willys-Knight car, and the balance to be credited to appellant when respondents sold the Studebaker car.

Thereafter and in the latter part of September, 1925, respondents delivered the Studebaker car to Frank O. Howard, and a conditional sales contract was entered

[1]Reported in 254 Pac. 453.

into between respondents and Frank O. Howard recit-
ing a cash payment and providing for monthly pay-
ments, which conditional sales contract was by re-
spondents sold, assigned and transferred to the Gen-
eral Credit Company of Yakima, Washington.

[1] This action was brought by appellant to re-
cover from respondents the balance of the purchase
price of the Studebaker car. At the trial a nonsuit
was granted. The law is well settled in this state that
when a vendor who has sold goods on a conditional
sales contract sells, assigns and transfers the condi-
tional sales contract itself he has parted with all title
to the goods in question. *State Bank of Black Diamond
v. Johnson,* 104 Wash. 550, 177 Pac. 340.

Respondents having parted with the title to both
cars and being therefore unable to give credit on the
purchase price of the Willys-Knight car were bound
to account for the balance of the price of the Stude-
baker car.

The cause is therefore reversed for further proceed-
ings in accordance with this opinion.

MACKINTOSH, C. J., FULLERTON, MITCHELL, and
MAIN, JJ., concur.