## In re RURY.

## CUNNINGHAM v. MITCHELL.

Circuit Court of Appeals, Ninth Circuit.
October 10, 1927.

Rehearing Denied November 14, 1927.

(No. 5232.)

1. Bankruptcy ⊙═⊃217(½)—Where by final decrees title to land conveyed by bankrupt was vested in trustee, court properly enjoined grantee from relitigating title in state court.

Where by final decrees of state and federal courts conveyances of land by bankrupt to grantee were set aside and the title vested in bankrupt's trustee, the court of bankruptcy on his petition *held* to have properly enjoined grantee from prosecuting a new suit in a state court to relitigate the title.

2. Judges ⊙═⊃51(4)—Order denying motion for change of judge, within jurisdiction of court, is not subject to collateral attack.

Order denying motion for change of judge is within the jurisdiction of the court, and not subject to collateral attack.

3. Bankruptcy ⊙═⊃139(½)—Deed from bankrupt after bankruptcy cannot be made basis of suit against his trustee.

Deed from bankrupt after bankruptcy cannot be made basis of suit against his trustee.

4. Bankruptcy ⊙═⊃341—Limitation for enforcing judgment held inapplicable on allowance in bankruptcy of claim based on state judgment.

On allowance in bankruptcy of claim based on state judgment statute limiting time for enforcement of judgments ceases to operate.

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; Edward E. Cushman, Judge.

In the matter of Charles Rury, bankrupt. W. B. Mitchell appeals from a decree entered on the petition of Glenn E. Cunningham, trustee. Affirmed.

See, also, 8 F.(2d) 813.

W. B. Mitchell, of Spokane, Wash., in pro. per.

Lloyd E. Gandy, of Spokane, Wash., for appellee.

Before HUNT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. The instant proceeding was brought by the trustee in bankruptcy, appellee, to give finality and effect to litigation of unusual persistency. In re Rury (C. C. A.) 2 F.(2d) 331; Bowen v. Rury, 117 Wash. 30, 200 P. 789; Cunningham v. Mitchell, 126 Wash. 294, 218 P. 386; Mitchell v. Cunningham (C. C. A.) 8 F.(2d) 813. Upon the going down of the mandate in the last-named case, the decree of the lower

21 F.(2d)—56

court was modified to comply with the views expressed in our reported opinion. On January 14, 1926, the judge of the superior court of Washington for Benton county indorsed his approval on the commissioner's deed, and four days later the instrument was re-recorded. On October 30, 1926, the appellant, Mitchell, recorded in the same office a deed purporting to have been executed to him by Rury on November 5, 1925, and to convey such interest as the grantor may have had in the property in controversy. Two days after such recording Mitchell began a suit against the trustee in the state superior court for Benton county, pleading this deed, as well as the original deed previously held to be void in the courts, and praying that his title be quieted. About the same time he served upon the referee and trustee a written warning that, notwithstanding the several judgments, they were without power to administer the property. Thereupon the trustee filed a petition in the bankruptcy proceeding seeking in effect injunctive protection from being further interfered with and harassed. Mitchell appeared to an order to show cause, and joined issue by answering the petition, whereupon a hearing was had, which resulted in a decree permanently enjoining him from prosecuting his suit in the state court, or otherwise harassing the trustee in his efforts to dispose of the property and wind up the administration of the bankrupt estate. From the decree Mitchell prosecutes this appeal.

[1] The decree was clearly right. For appellant's action in bringing a new suit and serving upon the bankruptcy officers the warning notice there is no substantial justification. The original decree in the state court, when affirmed by the Supreme Court in Cunningham v. Mitchell, supra, should have been accepted as a final determination of the controversy, and appellant should have promptly executed to the trustee a formal conveyance as expressly directed by the decree. Even if the view be taken that until this formality was complied with the bare legal title remained in him, his retention of it was wrongful and in violation of the express terms of the decree. That, instead of citing him for contempt, the state court elected to clear the record of the invalid deed, by proceeding under the alternative provision authorizing such conveyance by a commissioner, is a matter of which he cannot complain.

[2] It seems that it became necessary in the state court to substitute another commissioner for the one named in the original decree, and appellant contends that the order of substitution was void, because prior thereto he

had filed an application, supported by affidavit, for a change of judge. We are unable to see how it was of interest to him who was appointed to perform a purely ministerial act. But, aside from that consideration, the affidavit upon which the application was based is not before us, and, as was held below, in denying the application the state judge was acting in the exercise of his jurisdiction, and the order denying the change, not being a nullity, is invulnerable to collateral attack.

[3] The deed from the bankrupt, dated November 5, 1923, and recorded October 30, 1926, may have been intended merely to confer upon appellant the right to receive the residue, if any, of the proceeds of the property remaining in the trustee's hands, after payment of the debts of the estate and the expenses of administration. If so, it was legitimate. But in no possible view did the bankrupt have any transferable interest in the property or present right to the possession thereof, as against the trustee in bankruptcy, and he could not have given Mitchell a standing which he himself did not have. It follows that this deed would not furnish any basis for the new suit in the state court, and, as suggested by the state Supreme Court, the disposition of the residue of assets, if a surplus there shall be, is for the bankruptcy court upon closing the administration.

There being but one claim filed in the bankruptcy proceeding, and, the claimant having made objections to the bankrupt's discharge upon the ground that he had fraudulently conveyed the property in question to appellant, the latter now contends that the order granting the discharge is in some way conclusive upon the trustee. This position is not tenable, for, under the circumstances shown, the trustee is not bound by the action of the claimant. Prior to the discharge he had, presumably at considerable expense, succeeded in securing a final judgment in the state court canceling the deeds to appellant, and, were there no outstanding claims, he would still be entitled to the assets thus recovered, for the purpose, at least, of paying such and other expenses of administration. But, aside from that consideration, it appears that the hearing of the objections to discharge was deferred, awaiting the termination of the suit in the state courts, and when the judgment there became final and the property was thus recovered for the estate, the claimant, apparently being of the view that she had nothing further to gain by waging opposition to discharge, in effect withdrew her objections and consented that an order of discharge be made. There was no adjudication of any issue, and clearly, in making the stipulated order of discharge, the court did not intend to set aside or impair the effect of the decree of the state courts.

[4] It is next contended that, because the judgment upon which the claim is based was rendered October 28, 1920, both the claimant's remedy and her right are extinguished by virtue of the six-year limitation for the enforcement of judgments in Washington. Remington's Comp. Stats. of Wash. 1922, §§ 459, 460. The trustee, however, is no longer concerned with a judgment of a Washington court, but with a duly adjudicated and valid claim against the estate. Long before the six-year period elapsed, and when the original judgment was valid and enforceable, the debt evidenced thereby was, over appellant's objection, duly allowed as a claim, and upon review such allowance was affirmed by the District Judge. The judgment was thus transmuted into a valid claim in bankruptcy, and appellant cannot, by persistently prolonging vexatious litigation, defeat the claimant, who thus seasonably put her claim beyond the reach of a state statute of limitations. It could as well be argued that, had the decree been based upon a promissory note, it would be extinguished upon the expiration of the period of limitations for a note, or that, if a note were given by a judgment debtor in satisfaction of a judgment, the note would cease to be valid upon the expiration of six years after the rendition of judgment.

Other minor contentions, as well as the argument respecting the jurisdiction of the lower court, are either concluded by prior adjudications, or rest, in the main, upon the erroneous assumption that by our former decision (8 F.[2d] 813) we held title to the property to be in the appellant. It is true we there said that, pending the execution of the commissioner's deed, the trustee's title was "inchoate"; but at the same time we held the only conveyance upon which appellant could rely for title to be invalid. In reality, the deed required by the decree of the state court would only operate to clear the record of apparent conveyances conclusively adjudicated to be void.

The decree below is affirmed, with costs to appellee.