## NATIONAL ACCEPTANCE COMPANY v. GENERAL MOTORS ACCEPTANCE CORPORATION, et al.

Middle Section. June 9, 1928.

No petition for Certiorari was filed.

Albert W. Stockell, of Nashville, for appellant.
J. L. Reynolds, of Nashville, for appellee.

SENTER, J. The bill filed in this cause seeks to enjoin the General Motors Acceptance Corporation, and its agent, R. L. Brubaker, from the prosecution of a replevin suit instituted and pending in

the Justice of the Peace court of Jake Levine, Esq., and to enjoin any judgment therein in the matter of the possession of a Chevrolet truck, under a certain conditional sales contract held and owned by the National Acceptance Company. The defendant, General Motors Acceptance Corporation, filed an answer and cross-bill, and in which it is alleged in substance that it is entitled to the possession of the above described property by reason of the conditional sales contract on the same track, executed and delivered to and owned by the General Motors Acceptance Corporation, and bearing date of October 20, 1926, and which was prior to the date of the conditional sales contract owned and held by the National Acceptance Company. The answer denied that complainant was entitled to any of the relief sought, and by way of cross-bill prayed for judgment against the National Acceptance Company for the value of the property. The National Acceptance Company answered the cross-bill, admitting that the conditional sales contract of the General Motors Acceptance Corporation did bear a prior date to the one subsequently executed and then owned and held by the National Acceptance Company, but alleged that the truck made the subject of the conditional sales contract had been redelivered by the purchaser, and that said contract had been voluntarily rescinded by the General Motors Acceptance Corporation and alleging that the National Acceptance Company after said redelivery of said truck and after the cancellation of the former contract, the original vendee entered into a subsequent conditional sales contract, and it is this contract now held by the National Acceptance Company and which the answer to the cross-bill alleges gives to it prior rights to possession of the truck involved.

The cause was heard before the Chancellor and the issues determined in favor of the original complainant, and the original bill was sustained and the cross-bill was dismissed. From this decree of the Chancellor, the General Motors Acceptance Corporation has appealed to this court and has assigned errors.

The facts as disclosed by the record, and as found by the Chancellor, will be summarized and stated as follows: C. L. Corley, a young man under twenty-one years of age, purchased of the David-Mathis Motor Company, of Lebanon, Tennessee, a Chevrolet automobile truck. He gave in part payment a used car, and for the balance executed a conditional sale contract or installment note in which title was retained in the seller until the balance amounting to $371 was fully paid. The installments were divided into ten monthly payments of $37.10 each. The conditional sales contract provided that in the event the conditional vendee failed to pay the installments as they became respectively due and payable, that the

conditional vendor, could at his option, declare all the installments remaining unpaid, due and payable. This contract of sale was dated October 20, 1926. David-Mathis Motor Company, transferred and assigned this conditional sales contract to the General Motors Acceptance Corporation, for value.

After the first installment became past due the General Motors Acceptance Corporation sent its representative, R. L. Brubaker, to Old Hickory, Tennessee where Corley lived, apparently for the purpose of collecting the first installment which was then past due, or at least to see Corley with reference to the payments. It was while Mr. Brubaker was on this visit to Mr. Corley that he discovered that Corley was not twenty-one years of age, and for this reason, and the further reason, that Corley had not met his first payment, he directed Corley to take the truck to the place of business of David-Mathis Motor Company at Lebanon the following Monday, where he could meet Corley and when Corley would turn the truck back to the David-Mathis Motor Company. In accordance with this instruction given by Brubaker to Corley, Corley took the truck to Lebanon where he met Mr. Brubaker as per appointment. At that time H. P. David, President of the David-Mathis Motor Company met Corley and Brubaker, and requested Brubaker to continue the contract with Corley, by permitting Corley to pay his delinquent installments. Brubaker declined to agree to this arrangement, stating that Corley was under twenty-one years of age, and that his contract was that of a minor, and for this reason demanded on behalf of his principal, General Motors Acceptance Corporation, that David take up the conditional sales contract signed by Corley and by David-Mathis Motor Company, transferred to the General Motors Acceptance Corporation. It appears that David, in the presence of Corley, agreed to this arrangement, and gave to Brubaker a check payable to General Motors Acceptance Corporation, which check was drawn on a bank at Watertown, in Wilson county, Tennessee. Brubaker did not have the conditional sales contract with him at the time as it was then held by the General Motors Acceptance Corporation at its offices in Louisville, Kentucky, but Brubaker took the check with the understanding that he would return the conditional sales contract to the David-Mathis Motor Company. It appears that the David-Mathis Motor Company then resold the truck to Corley and had him to execute another contract of conditional sale for the truck, and the truck was then redelivered to Corley by David-Mathis Motor Company, which new conditional sales contract was assigned to the National Acceptance Company by David-Mathis Motor Company, the conditional vendor.

It also appears that following this transaction some differences arose between the General Motors Acceptance Corporation and the David-Mathis Motor Company, concerning other matters and transactions, resulting in David-Mathis Motor Company stopping payment on the check which had been given to the General Motors Acceptance Corporation in the settlement of the Corley contract.

Corley failed to meet the first monthly installment under the conditional sales contract then held by the National Acceptance Company, and the National Acceptance Corporation took possession of the truck from Corley and was about to sell the truck under the conditional sales contract, when the defendant, General Motors Acceptance Corporation and R. L. Brubaker, secured a writ of replevin from Justice of the Peace Levine, and the prosecution of the replevin suit was enjoined, as hereinbefore set forth, and which injunction suit was sustained by the Chancellor.

From this action of the Chancellor the defendant and cross-complainant, General Motors Acceptance Corporation, has appealed and the several assignments of error present certain questions of law and fact which may be grouped and disposed of collectively.

The principal, and we think, the controlling question for determination, by this court on this appeal is as to whether there was a rescission of the first conditional sale contract signed by Corley, or rather a cancellation of said first contract, by the action of Brubaker, the agent of the General Motors Acceptance Corporation, in directing Corley to return the truck to the David-Mathis Motor Company, and to meet Brubaker in Lebanon at the place of business of David-Mathis Motor Company? Corley returned this truck to the conditional vendor by the direction of Brubaker, the agent of the General Motors Acceptance Corporation, and at the time and in the presence of Corley, Brubaker demanded of the David-Mathis Motor Company that it take up the contract and repay to the assignee of the contract the amount due and owing thereon. This occurred in the presence of Corley, and Mr. David agreed to this arrangement. Corley had delivered the truck in accordance with the directions of Brubaker, and the truck was then in the possession of the David-Mathis Motor Company, and Mr. David had given to Brubaker a check in payment or settlement of the contract.

Appellant has cited numerous authorities in support of the rule that there can be no recission of the contract unless there is a restoration, or an offer to restore, the original consideration, and thus put the parties back in their original status. (102 Tenn., 485; 7 Lea, 420; 111 Tenn., 737.) Appellant further relies upon the general rule that the contract will not be rescinded where the court

cannot place the parties in statu quo, and by such rescission one party would be able to retain a fraudulent advantage of the other. (1 Cook, 466; 4 Cold., 487.)

Appellant also quotes from and cites Young v. Harris-Courtner, 152 Tenn., 17, where it is said:

"Under the Uniform Sales Act, Sec. 18 and Sec. 19, Rule 1, delivery of cotton to buyer on seller's receipt of checks for price subsequently protected, did not effect a transfer of title, the parties having contemplated the exchange of cotton for cash and not an extension of credit."

Appellant contends that the present case comes within the rule as announced in Young v. Harris-Courtner, supra, and also, in State Bank v. Johnson, 177 Pac., 340 (Wash.), reported and annotated in 3 A. L. R., 235, with copious annotations. These cases do not involve the same questions as presented by the record on this appeal. Here we have Corley, the original conditional vendee, directed by Brubaker to return the truck in question to the original conditional vendor, and pursuant to this direction Corley did return the truck to the David-Mathis Motor Company, in' Lebanon, and delivered the possession of the truck. This operated as a cancellation of his obligation under the conditional sale contract. Mr. David, in the presence of Corley, insisted to Brubaker that the contract be continued in force, and this request was flatly refused by Brubaker on the ground that Corley was a minor and Brubaker then demanded of David that he repay to his company the amount of the conditional sales contract note which had been assigned to it by David's company. Corley knew of this, and also knew that David then gave the check to Brubaker. We think this operated as a full and complete cancellation of Corley's obligation so far as Corley was concerned. Corley was in no sense responsible for the differences that subsequently arose between David-Mathis Motor Company and General Motors Acceptance Corporation, resulting in David-Mathis Motor Company stopping payment on the check. Having redelivered the truck to the David-Mathis Company, as directed by Brubaker, and placing the same in the possession of David-Mathis Motor Company, in compliance with the direction and instruction given him by Brubaker, and having actual knowledge that Brubaker refused to continue the first contract in force, he again purchased the same truck from the same conditional vendor, and executed his conditional sale contract providing for installment payments, and took possession of the truck, all with the full knowledge of Brubaker. In his situation, what are now the rights of the National Acceptance Company, the holder and owner of the conditional sale note or contract executed by Corley to David-

Mathis Motor Company, and by it assigned to the National Acceptance Company? There was certainly nothing in the transaction that could have put the National Acceptance Company on notice, actual or implied, that the conditional sale contract so purchased was not in every respect a binding obligation upon the part of Corley, and that he was the conditional owner of the truck, with title retained therein by the conditional vendor. We do not think this case comes within the rule of Young v. Harris-Courtner, supra. We think this case is readily distinguished from the Young case, in that, it appears here that Corley had delivered this truck by specific direction to the original conditional vendor, and that the holder of his conditional sale note had, in his presence, refused to continue to carry the contract. He had personal knowledge of the arrangement between Brubaker and David-Mathis Motor Company, and that he had delivered the truck back in cancellation of his indebtedness, and after the truck had been delivered by him and again placed in possession of David-Mathis Motor Company by specific direction of Brubaker, he then repurchased the same truck, relying on the fact that his first contract had been cancelled. If, therefore, a cancellation of his first contract had resulted from these transactions, we are of the opinion that the General Motors Acceptance Corporation would be estopped from denying the right of possession to this automobile by Corley. Let us suppose that Corley had met the payments, or that he had paid cash under the second contract of conditional purchase. Could it be consistently argued that the General Motors Acceptance Corporation could take from Corley the possession of the truck under the conditional sale contract originally executed by Corley? We think not.

If, by any means the David-Mathis Motor Company has repossessed itself of this truck, without the full knowledge and acquiescence of the assignee of the contract, and had then resold it and had taken another conditional sales contract, certainly the second contract could not take precedence over the rights of the holder of the first contract. But such is not the case presented by this record.

We find no error in the decree of the Chancellor, and the decree is affirmed.

Appellant will pay the costs of this appeal.

Owen and Heiskell, JJ., concur.