[No. 26374. *En Banc.* December 17, 1937.]

GENERAL MOTORS ACCEPTANCE CORPORATION, *Respondent,* v. SEATTLE ASSOCIATION OF CREDIT MEN, *Appellant.*[1]

*Mifflin & Mifflin,* for appellant.

*Eggerman & Rosling,* for respondent.

ON REHEARING.

MAIN, J.—The facts in this case are stated in the Departmental opinion, 190 Wash. 284, 67 P. (2d) 882, and need not here be repeated, except incidentally.

In that opinion, two questions were considered; one, whether title to new automobiles, under what is referred to as a trust receipt, was in the dealer or in the finance company. It was held that the title had passed to the dealer because the trust receipt had not been filed, under the recording acts, either as a con-

[1]Reported in 74 P. (2d) 198.

ditional bill of sale or as a chattel mortgage. The other question was whether the title to automobiles which had been sold and repossessed was in the dealer or in the finance company. At the time of the sale, the conditional sale contracts were endorsed to the finance company, accompanied by a guaranty of the dealer of the purchase price. It was likewise held in the Departmental opinion that the title to the used cars had passed to the dealer.

Subsequently, a petition for rehearing was filed, raising no question as to the correctness of the decision upon the trust receipt, but asking for a rehearing upon the matter of the repossessed cars. This petition was granted, and, after a rehearing *En Banc* and further consideration of the matter, we are of the view that the Department opinion holding as to the repossessed cars was incorrect.

As stated, when those cars were sold, the contract of conditional sale was endorsed to the finance company, accompanied by a guaranty by the dealer of the payment of the purchase price. After the cars were repossessed, they were held on the dealer's floor for sale. Subsequently, the dealer became insolvent, and, a receiver being appointed, the finance company brought an action to recover the automobiles.

The question to be determined is where the title was to these repossessed cars. If it remained in the finance company after they were repossessed, then that company is entitled to prevail as against the receiver for their possession. On the other hand, if the title had passed to the dealer, the case falls under the same holding as in the case of new cars under the trust receipt.

When the conditional sale contract was assigned to the finance company, it transferred not only the right to collect the unpaid purchase price, but also

the vendor's right, title and interest in the property sold. *State Bank of Black Diamond v. Johnson,* 104 Wash. 550, 177 Pac. 340, 3 A. L. R. 235; *Morehouse v. Spokane Security Finance Corp.,* 175 Wash. 501, 27 P. (2d) 697. The fact that the dealer guaranteed the payments of all moneys due and to become due under the contract does not make the assignment one of security only, but simply states an additional agreement or covenant on the part of the dealer. *Commercial Credit Co. v. National Credit Co.,* 143 Wash. 253, 255 Pac. 104; *Flynn v. Garford Motor Truck Co.,* 149 Wash. 264, 270 Pac. 806. The title remaining in the finance company after the cars were repossessed, placing them on the sales floor of the dealer would not give general creditors of the insolvent debtor a superior right to that of the finance company, as they would, in effect, be held by the dealer as upon a consignment. *Inland Finance Co. v. Inland Motor Car Co.,* 125 Wash. 301, 216 Pac. 14.

The case of *Commercial Credit Co. v. Cutler,* 176 Wash. 423, 29 P. (2d) 686, supports the rules stated and distinguishes the case of *Northwestern Finance Co. v. Russell,* 161 Wash. 389, 297 Pac. 186.

We find nothing in the record from which it could be concluded that there was any arrangement between the finance company and the dealer covering the matter of holding and disposing of the repossessed cars which would take this case out of the rules above stated. It follows, therefore, that the judgment of the superior court cannot be sustained as to the new cars, but should be sustained as to the repossessed cars.

The case will be remanded with direction to enter a judgment as herein indicated.

ALL CONCUR.