## LUKE GARNER v. THE STATE.

*No. 6874. Decided June 4.*

1. **Evidence—Cases Distinguished.**—" Opinion as far as it consists of a statement of an effect produced on the mind becomes primary evidence, and hence admissible whenever a condition of things is such that it can not be reproduced and made palpable to the jury." The question arising upon the apparent ages of two minors, as indicated by their physical appearance, the court under the above rule properly permitted the State to ask a witness what age the physical appearance of the minors indicated them to be, and the witness to give in answer the impression made upon his mind by the physical appearance of the minors. Note the opinion for the distinction between this and Koblenschlag's case, 23 Texas Court of Appeals, 264.

2. **Charge of the Court.**—Practice in **Misdemeanor Cases** requires that a defendant dissatisfied with a charge of the court shall both except to the charge when given and ask such additional charges as he may desire.

3. **Same.**—The defense requested the court to charge the jury, in effect, that before they could convict they must believe that the defendant sold the intoxicating liquor to the minors without the written consent of their parents. The proof clearly showed the absence of such written consent, and hence did not raise the issue presented, wherefore the court properly refused the requested instruction.

APPEAL from the County Court of Llano. Tried below before Hon. W. S. Maxwell, County Judge.

The conviction was for selling intoxicating liquors to minors without the written consent of their parents, etc., and the penalty assessed by the verdict was a fine of $25.

The proof showed conclusively the sale of the intoxicating liquor to the persons named in the indictment, whose ages were established at respectively 18 and 19 years.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

White, Presiding Judge.—The question and answer which the court permitted over objection of defendant, as shown by his bill of exceptions, were: Question: "What age did the physical appearance of Luna Wicks and S. R. Waits indicate them to be in October, 1888?" Answer: "From the physical appearance of said minors in October, 1888, I would take them to be minors of 17 and 18 years old." Here the question was as to the effect the physical appearances produced on the mind of the witness himself as to the ages of the minors. In Koblenschlag's case the objection to the evidence was that the witness was asked and permitted to state his opinion as to how *others* would be impressed by the physical marks of age, and such evidence was held inadmissible. 23 Texas Ct. App., 264. There is a marked difference in the cases. In this case the evidence sought was the impression made upon the mind of the witness himself, and not his opinion as to impressions made upon the minds of others.

"Opinion as far as it consists of a statement of an effect produced on the mind becomes primary evidence, and hence admissible whenever a condition of things is such that it can not be reproduced and made palpable to the jury." Clark v. The State, *ante*, 189.

Defendant objected to the court's charge upon the reasonable doubt. This charge was not as definite as it should have been, but the defendant should not only have excepted to the same, but should also have asked such additional charge as was desired. Loyd v. The State, 19 Texas Ct. App., 321. The testimony showed without dispute that the minors did not have the written consent of either of their parents, and there was no issue calling for the special charge requested by defendant, and therefore the court did not err in refusing to give it.

There is no error in the judgment, and it is affirmed.

*Affirmed.*

Judges all present and concurring.