STEVE JONES v. THE STATE.

*No. 160.   Decided April 29.*

1. **Selling Liquor to Minor — Opinion Evidence as to Minor's Physical Appearance.**—Evidence as to the apparent age of a minor, as indicated by his physical appearance, is legitimate; but where witnesses were allowed, over objection of defendant, to testify, that in person and physical appearance the minor, at the trial, appeared to be about 18 years of age, and would have appeared younger at the time he purchased the liquor: *Held*, that inasmuch as the testimony fully established the fact that the minor was 17 years of age when he purchased the whisky, this rendered the opinions and conclusions of the witnesses as to how he must have appeared at that time, which was inadmissible, harmless error.

2. **Same—Burden of Proof as to Written Consent.**—On a trial for selling liquor to a minor, the burden of proof is upon the defendant to show written consent of the parent or guardian of the minor.   Following Reynolds v. The State, ante, p. 36.

3. **Same—Knowingly—Charge of Court.**—The offense of selling liquor to minors, as denounced by article 376 of the Penal Code, is characterized by the essential fact that it was knowingly done.   And a charge by the court to the effect, that the jury would acquit if, at the time the purchase was made, the minor informed defendant he was 21 years of age, and defendant so believing sold him the liquor, does not change the rule of the statute which requires that defendant shall "knowingly" sell before a conviction can be had.

APPEAL from the County Court of Robertson.   Tried below before Hon. O. D. CANNON, County Judge.

Appellant was prosecuted under an indictment charging him with knowingly selling to one Willie Brennan, a minor, intoxicating liquor, without the written consent of the parent, guardian, or some one standing in the place of such parent or guardian, etc., and at his trial his punishment was assessed at a fine of $25.

A statement of the facts is unnecessary.

*Graham & Bishop*, for appellant.

*R. L. Henry*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is prosecuted from a conviction for selling liquor to a minor, in violation of article 376 of the Penal Code. Trial was had March 21, 1893.

The State was permitted to prove by several witnesses that "in person and physical appearance" the minor purchasing the liquor was about 18 years of age at the time of the trial, "and would have appeared younger in August" preceding the trial, at which time the sale occurred.   This was objected to, because it called for the opinions of the witnesses.   The evidence as to the apparent age of the minor, as indicated by his physical

appearance, was properly admitted. Garner v. The State, 28 Texas Cr. App., 561; Marshall v. The State, 49 Ala., 21; Laws. on Exp. Ev., 473. If it be granted the opinions of said witnesses, that the minor "would have appeared younger" in August than in the following March, were not admissible in evidence, yet we are unable, under the facts of this case, to see how any injury could result to defendant because of its admission. The State had proved as a fact that the minor was less than 17 years of age in August last, at the time of the sale, and by the opinions of witnesses that his appearance at the time of the trial indicated his age to be about 18 years. If he appeared to be only 18 seven or eight months after the sale, it would be but a reasonable conclusion that he would have appeared younger at the time of the sale. While, strictly speaking, such conclusion on the part of the witnesses may have been inadmissible, yet we do not think the error, if error, of sufficient importance to require a reversal of the judgment.

The court instructed the jury, that if they had a reasonable doubt as to whether the defendant had the written consent of the parent of the minor to sell him the liquor, they should acquit. The burden of proving such consent is upon the accused, and inasmuch as he did not offer evidence on this phase of the case, the charge was more favorable to him than authorized by law. Reynolds v. The State, ante p. 36.

The court further instructed the jury, "if * * * at the time the purchase was made, said Willie Brennan (the minor) informed the defendant he was of the age of 21 years, and that defendant relied upon said statement, and believed the same to be true, and so believing, sold the whisky or liquor to said Willie Brennan, you will acquit the defendant." This charge is not subject to the exception that it changed the rule of the statute, which requires that the defendant knowingly sell before a conviction can be had. If the defendant was informed by the minor of his majority, and he believed the statement, he would not be guilty under the charge given. This charge was given to meet a phase of the testimony adduced on the trial, and was in protection of defendant's rights. If he did not believe the information, or if he knew the purchaser to be under 21 years of age, he would be guilty of knowingly selling the liquor. Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.