ABRAHAM LAZAROVITCH *vs.* H. TATILBUM.

Cumberland.    Opinion December 16, 1907.

*Replevin.    Conditional Sales.    Title.    Assignment.    Evidence.*

The plaintiff brought an action of replevin for certain household furniture alleged to have been delivered to the defendant by the Reliable Furniture Company of Portland, on a so called lease, which constituted a conditional sale, the title remaining in the vendor until the goods were paid for, and a breach of condition having occurred.   The plaintiff set up title from the vendor by a written assignment which by its terms assigned and transferred to the plaintiff "all demands of every kind and description" which the vendor had against various persons including the claim against the defendant for the unpaid purchase price of the furniture.   The defendant contended that the sale was absolute, that no lease was given, and that in any event the plaintiff under the mere assignment of the claim did not obtain sufficient title to the property to maintain replevin.   During the trial and against the defendant's objection, certain receipts given by the vendor and accepted by the defendant were admitted in evidence.   Also the defendant offered in evidence a certain mortgage of the furniture given by him to one Muskin subsequent to the purchase of the furniture, which was excluded.   The verdict was for the plaintiff.

*Held:* (1) That on the question of fact whether a lease was given and whether the original sale was conditional or unconditional, the jury having found in favor of the plaintiff, the court does not feel warranted in disturbing the verdict.   The evidence was a mass of contradictions, most of the witnesses being related by blood or by marriage, and if the jury were satisfied upon this proposition of fact their conclusion ought to stand.

(2) That under the assignment given by the vendor to the plaintiff, which was for a valuable consideration, it was the intention of the assignor to convey and of the assignee to purchase all the interest of the assignor in the personal property which had been conditionally sold, and which was in fact retained as security for the debt, and that the plaintiff had sufficient title to maintain replevin in case of breach of condition.

(3) That the receipts given by the vendor and accepted by the defendant when installments were paid, in which the furniture was described as leased, were properly admitted as being in the nature of an admission, their weight being for the jury.

(4) That a mortgage of the furniture given by the defendant to a third person subsequent to the conditional sale, was properly excluded as having no probative force on the question of title and being a mere self-serving act.

On motion and exceptions by defendant.    Overruled.

Replevin brought in the Superior Court, Cumberland County, for certain household furniture alleged to have been delivered to the defendant by the Reliable Furniture Company of Portland, on a so called lease which constituted a conditional sale. The Reliable Furniture Company was a firm composed of Louis Silverman and Max Levi. The plaintiff claimed as assignee from the vendors. Plea, the general issue with a brief statement to the effect that no lease of the furniture was given, that the sale was absolute and that the furniture was subsequently mortgaged by the defendant to one Julius Muskin whose mortgage was duly recorded.

Tried at the April term, 1907, of said Superior Court. Verdict for plaintiff. The defendant then filed a general motion for a new trial, and also took exceptions to certain rulings made by the presiding Justice during the trial.

The written assignment under which the plaintiff claimed, is as follows :

"Know all men by these presents, that we, Louis Silverman and Max Levi, doing business under the name of Levi & Silverman, in consideration of nine hundred (900) dollars to us paid by Abraham Lazaerovitch the receipt whereof we do hereby acknowledge, do hereby assign and transfer to said Abraham Lazaerovitch all demands of every kind and description which we have against the persons whose names and addresses are given below with the amount of each claim stated, and we hereby make constitute and appoint said Abraham Lazaerovitch our lawful attorney to collect the same in our name or his own without expense to us."

(Attached to this was a list containing sixty-seven names with addresses, with the amount of each claim stated opposite the respective name and address. Among the list of names the following appears :

"H. Tatilbum            51 Franklin St.           163.00"

The total amount of the claims contained in the list is $2165.37)

"All the above being of Portland except where otherwise specified. And we, Louis Silverman and Max Levi do hereby constitute and

appoint the said Abraham Lazaerovitch and his assigns to be our attorney irrevocable in the premises, to do and perform all acts, matters and things touching the·premises in the like manner to all intents and purposes as we could if personally present.

"In witness whereof, we have set our hands and seals this twentieth day of December, A. D. 1906.

"Signed, Sealed and delivered          (Signed) Louis Silverman"
    in presence of                                         (seal)
                                        "Max Levi"
                                          (seal)

The case appears in the opinion.

*George S. Murphy and Connellan & Robinson*, for plaintiff.

*Dennis A. Meaher*, for defendant.

SITTING :   EMERY, C. J., WHITEHOUSE, STROUT, PEABODY, CORNISH, KING, JJ.

CORNISH, J.   Replevin for certain household furniture alleged to have been delivered to the defendant by the Reliable Furniture Company of Portland, on a so-called lease, which constituted a conditional sale.   The plaintiff claims as assignee from the vendors. The defendant contends that no lease was given, that the sale was absolute and that the goods were subsequently mortgaged by him to a third party.

On the question of fact whether a lease was given and whether the original sale was conditional or unconditional, the jury have found in favor of the plaintiff and we do not feel warranted in disturbing the verdict.   The evidence is a mass of contradictions, most of the witnesses being related by blood or by marriage, and if the jury were satisfied upon this proposition of fact their conclusion ought to stand.

The important question is whether, assuming that a lease was given and that the sale was conditional, the plaintiff had sufficient title or right of possession to maintain replevin against the vendee.

The lease itself was not produced at the trial, the plaintiff claiming that it had been lost but the general form used by the Furniture Company was as follows :

"$................................                    Portland,  Maine.   190

    For value received................promise to pay Reliable  Furniture Co.
or order....................................................Dollars,  as  follows ;..............................
................................Dollars down ;  balance in.................................................
payments of.................................. ....................Dollars with.....................................
until  the full sum is paid.    This note  is given in  payment  for  the
following  described  property,  this day  bought  by  me  from  said
Reliable Furniture Co., viz :

................................................................................................................
................................................................................................................
................................................................................................................

and  it is agreed  that  the title  to said  goods  shall remain  in  said
Reliable  Furniture  Co. until said  sum  and  interest  are  fully  paid.
Said goods shall not  be removed from No.  .....................street without
consent of said Reliable Furniture Co. in writing.

    I further  agree if  the first  and  every  payment  is  not  paid  at
maturity...........................will  deliver  the  above  mentioned  goods  to
Reliable  Furniture  Co. or their  order, without  any  legal  proceed-
ings on their part,  or cost  to them. "

    ` The  Reliable  Furniture  Co.  was  a  firm  composed  of  Louis
Silverman  and   Max  Levi,  which firm  on  December  20, 1906,  gave
to the plaintiff,  who had  been  their  collector,  an  assignment,  which
by its  terms  assigned  and  transferred  to  him  all  "demands  of  every
kind  and  description"  which  they had against various  parties  includ-
ing the defendant,  and  constituted the plaintiff, their  attorney to col-
lect  the same either  in  their  name  or his  and  to do and  perform  "all
acts,  matters and  things  touching  the premises  in the  like manner to
all intents  and  purposes  as we would  if personally  present. "

    The  plaintiff  claims  that with this  assignment were  delivered  to
him  all  the leases  which  went with  the  various  claims  and  that  this
particular  lease was  also  to be  delivered  if  found.    The jury  have
sustained that  contention.    The  defendant  had  paid  a  portion  of
the  purchase  price  but  the  balance  of  $163  was  unpaid  and  the
conditions of the  lease had  been  broken, so that the  original vendors
would  have  been  entitled  to maintain  this  action.

The validity of such conditional sales as between the parties, and the continuance of the title in the vendor have been so often upheld by the courts of this and other States that the citation of authorities is unnecessary. Has such title passed to the plaintiff under the facts of this case?

A general assignment in insolvency will pass the vendor's title to such assignee. *Pulsifer* v. *D'Estimauville*, 86 Maine, 96. And the doctrine is well settled in many States that an assignment of the note or claim on which the conditional sale of personal property is based carries with it a transfer of title in the property itself.

It would be admitted that at least an equitable title to the property passed to the assignee and that by proper process he could be subrogated to the rights of the assignor. But the courts have gone further and to prevent circuity of action where personal property is involved, have held that the property itself passes as incident to the claim. This question arose in the case of *Esty* v. *Graham*, 46 N. H. 167, and the court in the course of the opinion say: "In form this is neither a pledge nor mortgage, but the obvious purpose of the parties was a sale and the holding of the melodeon as security for the price and we think it must be so regarded. If it be so, then the property so held passes with the debt as a mere incident as in other cases of collateral security; otherwise the vendor, who has already received pay for his property, continues to hold it, with the chance that it may become his absolutely, if the vendee should fail to pay the price to the assignees." This decision is affirmed in the recent case of *Cutting* v. *Whittemore*, 72 N. H. 107. The same doctrine that the assignment of the note or claim gives to the assignee all the payee's rights and interests in the property, is held in *Spoon* v. *Frambach*, 83 Minn. 301; *Myres* v. *Yaple*, 60 Mich. 339; *Kimball* v. *Mellon*, 80 Wis. 133, and *Baton* v. *Groseclove*, 11 Idaho, 227. In the last mentioned case the court express their conclusion as follows:

"It must be conceded that when the vendor of property parts with possession and at the same time he reserves to himself the legal title to the property and thereafter sells, assigns and tranfers to a third party all of his rights and interests in and to the contract,

that he is thereafter left without any interest either in the title or possession of the property or the contract. While this is true, the title to the property must rest somewhere, either in the original vendee of the property or the assignee of the contract. To say that the title passed to the vendee of the property will be to deprive the owner of the legal title, to whom the purchase price has not yet been paid, of a valuable property right. It must amount to depriving him of the right of disposition of his property and cutting off the security which he had retained for the payment of the debt. The assignment of such a contract carries with it, the legal title of the property and gives to the assignee of the contract all the rights and remedies enjoyed by the assignor."

In the case at bar the evidence shows more than a mere assignment of the claim. There was an evident intention to transfer the property itself and to convey to the assignee all the rights therein held by the vendors and without which the claims themselves were doubtless of little value. The assignment was under seal and not only were the vendors' demands of all kinds against the defendant transferred, but as full authority was given the plaintiff "in all matters and things touching the premises" as the vendors themselves possessed. This instrument was drawn by an attorney to whom both of the parties went for the purpose. Moreover, valuable consideration was paid by the assignee to the original vendors, paid not merely for the claims but for the vendors' interest in the property; and as the property itself was in the hands of a third party, such payment by the plaintiff to the conditional vendors was sufficient to pass title then and there as between the parties without actual delivery. While the vendors held the title to the property as security, it was not the title of a mere mortgagee or pledgee. The title of a mortgagee or pledgee becomes absolute in case the note is not paid and proper proceedings are taken. The title of a conditional vendor is already complete and is defeasible only in case the note is paid. Until that time he has the same right and authority to sell and transfer his interest in the property that any other owner of personal property has and by the same methods.

The only additional act that could have been done by the vendors in this case would have been the execution and delivery of a bill of sale of all their right, title and interest in the property. We do not think that was necessary. In our opinion the plaintiff succeeded to all the rights of the vendors legal as well as equitable, and therefore was entitled to bring this action of replevin.

The first exception by the defendant is to the admission of the receipts given by the plaintiff as agent and collector of the vendors to the defendant when installments were paid. These receipts were in the nature of an admission by the defendant that he held the furniture under a lease. They were fourteen in number and were given at various times between Aug. 1, 1906 when the initial payment of one hundred dollars was made and December 17, 1906, the later receipts being for one dollar each, and all stating that they are for leased furniture. They were accepted by the defendant in that form and were admissible on the question of the existence of a lease, their weight being for the jury.

The second exception is to the exclusion of a mortgage of the property purporting to have been given by the defendant to a boarder in his house. The ruling was correct. The question at issue was whether the title was in the assignee of the vendors or in the vendee. The act of the vendee in mortgaging the property could have no probative force upon that issue. It was merely a self-serving act.

*Motion and exceptions overruled.*