## BELL v. BEARMAN *et al.*

No. 2553.   Opinion Filed June 19, 1913.

· (133 Pac. 188.)

1. **APPEAL AND EROR—Time for Taking Appeal.** Act Feb. 14, 1911 (Sess. Laws 1910-11, c. 18), limiting the time within which appeals can be taken to six months, is not retroactive, and does not apply to cases tried before it was passed.

2. **SAME—Assignments of Error—Amendment.** When the assignment of errors fails to allege as error the overruling of the motion for new trial, the plaintiff in error will be permitted to amend his assignment of errors within the time allowed by law for appealing the case, so as to assign as error the action of the court in overruling the motion for a new trial.

3. **EVIDENCE—Opinion—Age.** It is not error to permit witnesses acquainted with a person whose age at a certain time is in controversy to testify that she appeared to be more than eighteen years old at that time.

4. **SAME—Declaration of Decedent—Age.** Evidence is admissible that a person, dead at the time of trial, stated that she was more than eighteen years of age on a certain date.

5. **APPEAL AND ERROR—Evidence—Age—Harmless Error.** Where the issue is as to whether a person had attained majority at the time she executed a certain deed, it is not error to admit evidence that she executed a note and mortgage prior to the execution of the deed in controversy, and the case will not be reversed because the contents of the note and mortgage were received in evidence, when it does not appear. that their contents could have influenced the jury.

6. **EVIDENCE—Age—Affidavits.** Where the grantor's mother and sister were dead at the time of trial, it was not error to admit in evidence their affidavits as to the age of the grantor, made long before the execution of the deed whose validity is disputed.

7. **EJECTMENT—Burden of Proof—Evidence—Indians.** Where the defendant in an action of ejectment is in possession deranging title through a deed from a Creek allottee, and the plaintiff claiming title through a subsequent deed from the same allottee relies for recovery on the fact that the first deed is invalid because of the minority of the allottee at the time of its execution, the burden is upon him to show such minority.

8. **APPEAL AND ERROR—Verdict—Evidence.** A verdict reasonably supported by the evidence will not be disturbed on appeal.

(Syllabus by Rosser, C.)

*Error from District Court, Wagoner County;*
*Chas. Bagg, Judge.*

Action by L. A. Bell against Jacob A. Bearman and another. Judgment for defendants, and plaintiff brings error. Affirmed.

*Robert F. Blair* and *Peter Diechman,* for plaintiff in error.
*F. B. Righter* and *Preston C. West,* for defendants in error.

Opinion by ROSSER, C. This was an action by L. A. Bell against Jacob A. Bearman and John S. Bilby to recover certain land. There was a judgment for the defendants, and plaintiff appealed. He filed a brief containing a number of assignments of error, all of which related to matters occuring at the trial, but did not assign as error the overruling of the motion for a new trial. The defendants in error have filed a motion to dismiss the petition in error for the reason of the overruling of the motion for new trial is not assigned as error. Plaintiff in error has filed a response to the motion to dismiss the petition in error, in which he admits that the overruling of the motion for a new trial must be assigned before this court can review the questions raised by the brief, but he asks to be allowed to amend the petition in error by adding the assignment that the court erred in overruling the motion for a new trial.

The order overruling the motion for new trial was entered on the 6th day of January, 1911. The application to amend the assignment of error was filed November 15, 1911. At the time the action was tried, the law permitted appeals to be taken at any time within a year, and the law then in force governed as to the time within which an appeal could be taken. Act Feb. 14, 1911 (Sess. Laws 1910-11, p. 35), limiting the time within which appeals can be taken to six months, is not retroactive in its effect, and does not apply to cases tried before it was passed. *Rolater v. Strain,* 31 Okla. 58, 119 Pac. 992; *Buchanan v. Loving,* 35 Okla. 207, 128 Pac. 499. The plaintiff in error filed his application to amend his assignment of error

by adding one with reference to the action of the court in over-ruling the motion for a new trial before the expiration of a year from the time of overruling of the motion. The assign-ment presents no new question of law; and the appellees can-not be injured in any way by permitting the amendment, ex-cept that they will lose their technical right to have the appeal dismissed. Therefore the assignment of error with refer-ence to overruling the motion will be considered, and the mo-tion to dismiss will be overruled. The land in controversy in this action is in the Creek Nation. Both parties claim under a deed from Beatrice Davis (nee Bean,) who was the original allottee. The defendants, who are also defendants in error, claim through a deed executed by her to the Western Invest-ment Company March 1, 1905. The plaintiff claims through a deed executed by her June 7, 1907. It is his contention that the allottee was a minor less than eighteen years of age at the time she executed the deed to the Western Investment Company March 1, 1905. The question upon which issue was joined is whether or not she was of lawful age at the time she executed the deed to the Western Investment Company.

Plaintiff's brief contains sixteen assignments of error. The first nine relate to the admission of testimony. Evidence was received that she appeared to be of age, and that she stated that she was of age. A certain note and mortgage given by her to a third party was also received in evidence. No material error was committed by this action of the court. It is competent to prove by witnesses that a person has the appearance of being of a certain age. *State. v. Grubb,* 55 Kan. 678, 41 Pac. 951; *State v. Bernstein,* 99 Iowa, 5, 69 N. W. 442; *Garner v. State,* 28 Tex. App. 561, 13 S. W. 1004; *Jones v. State,* 32 Tex. Cr. R. 108, 22 S. W. 149; *Bice v. State,* 37 Tex. Cr. R. 38, 38 S. W. 805. The admission in evidence of the note and mortgage executed a short time prior to the deed to the Western Invest-ment Company was not material error. By executing them she asserted her capacity to do so, and the fact that their contents were placed before the jury is not such error as requires a rever-

sal of the case; it not appearing that their contents had anything to do with the issues here.

The court admitted in evidence certain affidavits of the mother and sister of the allottee of her age at a certain date. The affiants were dead. The affidavits were made long before plaintiff's deed was made. This was competent. It amounted to a declaration by the affiants as to the age of a member of their family. *David v. Sittig,* 1 Mart. N. S. (La.) 147, 14 Am. Dec. 179; 1 Greenl. on Ev. (16th Ed.) 114b; Wigmore, sec. 1481 *et seq.*

It is urged that the court erred in instructing the jury that the burden was on the plaintiff to show by a preponderance of the evidence that the allottee was a minor at the time she executed to the Western Investment Company the deed under which the defendants claim. This instruction was correct. The defendants were in possession under a deed. The burden was on the plaintiff to show that they had no right to the possession. The exact question was decided in *Moore v. Sawyer* (C. C.) 167 Fed. 826. It was there held that a person was presumed competent to make contracts, and that the person pleading infancy as a ground for avoiding a contract or instrument must prove it by clear evidence. 22 Cyc. 690, and cases cited in note 58. The case of *Libby v. Clark,* 118 U. S. 250, 6 Sup. Ct. 1045, 30 L. Ed. 133, relied on by plaintiff in error, is not opposed to this view. In that case the statute provided that the allottee could not sell lands before becoming a citizen of the United States; that members not under disabilities could sell to each other with the consent of the Secretary of the Interior. It was held that a deed made by the allottee without the consent of the Secretary before he became a citizen of the United States was not admissible in evidence in that case, though the plaintiff was offering the deed. The restriction applied to all the lands of all the allottees unless the Secretary consented to the sale. In the present case the restriction had been removed from the surplus allotments, except as to minors. The defendants were in possession, and the presump-

tion was that their possession was lawful. This presumption could only be overcome by showing that the deed through which they claimed, and which was regular on its face, was invalid because executed by a minor. Other objections to the instructions are urged, but none of them seem to require consideration.

The plaintiff devotes most of his brief to the proposition that the evidence does not support the verdict. The evidence is very conflicting. The preponderance in the number of witnesses is strongly in favor of the plaintiff, but there was a good deal of testimony in favor of the defendant. They had the statement of the allottee's mother, as well as of the girl herself, and they had other witnesses who knew the allottee.

The evidence supports the verdict, and the case should be affirmed.

By the Court: It is so ordered.