No. 25,737.

THE NATIONAL BOND AND INVESTMENT COMPANY, *Appellee*, v.
J. P. EVANS, et al., *Appellants*.

SYLLABUS BY THE COURT.

SALES—*Conditional Sale—Assignability of Purchase Contract.* On the sale of
an automobile for part cash and part on time, the purchaser executed his
promissory note to the seller for the deferred payment of the purchase
price, the payments to be made in installments, and executed an instru-
ment called a "purchase contract," by which title of the automobile was
retained in the seller to secure the payment of the note, and if default
should be made in payments on the note, the seller could take possession
of the automobile for the purpose of selling it and applying the proceeds
upon the note. The seller assigned the "purchase contract" to a third
party, who brought replevin. *Held,* the note represents the obligation to
pay; the purchase contract was for security only; the assignment of the
purchase contract alone did not carry with it the obligation to pay, nor
give the assignee such an interest in the property as authorizes replevin.

Appeal from Gray district court; LITTLETON M. DAY, judge. Opinion filed
June 6, 1925. Reversed.

*J. P. Evans, pro se.*
No appearance was made for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action in replevin. The court overruled
a demurrer to the petition, refused defendants' request to be per-
mitted to file an answer containing a general denial instanter, with-
out prejudice to the trial, and rendered judgment for plaintiff. The
defendants have appealed.

The petition alleges, in substance, that on October 8, 1923, de-
fendants purchased from the Ulysses Auto Company one Ford tour-
ing car, giving as partial payment therefor their certain promissory
note in the sum of $327.02, maturing in installments, and that, in
order to secure the payment of the note, they entered into a contract
called a purchase contract, wherein the note was set out, and which
provides that at any time the defendants defaulted in the conditions
of the contract the Ulysses Auto Company, its successors or assigns,
should be entitled to the immediate possession of the automobile.

Plaintiff further averred that prior to the maturity of any of the
deferred payments it "purchased said contract from said Ulysses

Nat'l Bond & Investment Co. v. Evans.

Auto Company for a valuable consideration, and that it ever since has been and now is the owner and holder of said contract."

It is further averred that default had been made in the payment of three of the installments. The prayer was for the possession of the automobile. A copy of the purchase contract was attached to the petition, the material portions of which are as follows:

"PURCHASE CONTRACT.

"In consideration of one hundred seventy-three and $\frac{33}{100}$ dollars (173.33) *in hand paid* this 8th day of October, 1923, by Nell P. Evans and J. P. Evans, her husband, herein called the purchaser, and the further sum of three hundred forty seven and $\frac{02}{100}$ dollars (347.02) to be paid as hereinafter specified, Ulysses Auto Co., of Ulysses, Kansas, hereinafter called the seller, has sold and delivered to said purchaser one Ford automobile. . . . Said purchaser agrees to make said deferred payments *in accordance with the terms of a certain promissory note of even date herewith,* of the *face value* of $347.02, *signed by said purchaser and made payable to said seller,* in installments, as follows: . . . If default be made in the payment of any installment of *said note,* then all of said installments shall, at the option of said seller, without notice of said option to anyone, become at once due and payable, *anything in this agreement to the contrary notwithstanding.* Title to said automobile is reserved in the seller for the purpose of securing to said seller the payment of the purchase price of said automobile, as above specified."

There was a provision that the purchaser should take out insurance in such companies as the holder of "said note" may direct, with the loss, if any, "payable to the holder of said note for further security"; and if the purchaser make default on his part, the seller may immediately take possession of the automobile and shall have the right to sell the same and apply the proceeds, first, to the expense of such sale; second, to any amount due on said note; third, to any amount that may be due for repairs on the car; and the balance, if any, to be paid to the purchaser. It was further provided that the conditions of the contract should be binding upon the personal representatives, successors and assigns of the purchaser and inure to the benefit of the seller and his personal representatives, successors and assigns.

To this petition the defendants filed a motion to dismiss, for the reason that the petition discloses on its face that the suit is not brought by the real party in interest. This was presented to the court, considered and overruled. By permission of the court, the defendant then filed instanter his demurrer to the petition, for the reason that it does not state facts sufficient to constitute a cause of

action, and that plaintiff has no legal capacity to sue, and is not the real party in interest. This demurrer was presented, considered and overruled. Defendants asked permission then to file instanter an answer consisting of a general denial, which request was denied, and judgment entered for plaintiff.

Defendant has appealed, and complains of all the adverse rulings of the court. The demurrer to the petition should have been sustained. So-called conditional sale contracts may be drawn, with the obligation to pay the balance of the purchase price contained within the same instrument as the reservation of title in the seller to secure the payment, or they may be made in separate instruments. When made in the same instrument the complete assignment of the instrument as a whole carries with it the reservation of title to secure the balance of the purchase price, and the assignee may maintain replevin or other appropriate action thereon. When the obligation to pay the balance of the purchase price and the reservation of title to secure such payment are in separate instruments, both of them may be transferred by the seller, so that the assignee may have the benefits of the reservation of title and bring an appropriate action in event of default. And this has been held to be the result where the note has been transferred but the contract reserving title has not been delivered to the transferee. This is because the reservation in the seller of title to secure the balance of the purchase price is an incident to the obligation to pay. We have been unable, however, to find any authority that the assignment or transfer of the contract reserving title in the seller to secure the balance of the purchase price, alone, without a transfer of the note or instrument containing the obligation of the buyer to pay the balance, gives any right of action in such assignee. (See 5 C. J. 951; 35 Cyc. 695; Williston on Sales, § 332; *Western Elec. Co. v. Norway Pac. Con. & D. Co.,* 124 Wash. 49; *Hooper v. Bank of Hiawassee,* 29 Ga. App. 459; *Bank of Little Rock v. Collins,* 66 Ark. 240; *Cutting v. Whittemore,* 72 N. H. 107; *Laundry v. Dole,* 22 Utah, 311; *Lazarovitch v. Tatilbum,* 103 Me. 285.)

Where there are separate instruments, the seller may of course waive the security he has reserved and sue on the note; or he may sell and indorse the note to a third party without transferring to him the reservation of title. What the seller did do with the note in this instance is not shown by the pleading, but it is clear from

the pleading that the plaintiff never got the note containing the buyer's obligation to pay. Where that note is, or how soon the original seller, or some one to whom he has transferred it, may sue defendant upon it, are matters concerning which we can only speculate. The real debt in this instance is represented by the notes. The reservation of title in the seller is only an incident to securing their payment, and one who seeks to enforce the incident should show that he is a holder of the notes. Counsel for appellee has not filed a brief nor furnished us with any authorities to sustain the judgment of the trial court.

This necessitates a reversal of the case, but we might add, we are unable to see why the court did not permit defendant to file his answer. A general denial is ordinarily a sufficient pleading of defense in a replevin action. The action was not upon an unconditional promise to pay, hence its verification was not imperative (R. S. 60-729); although, if unverified, it would admit the execution of the contract set out.

The judgment of the court will be reversed, with directions to sustain the demurrer to the petition.