DECIDED JANUARY 25, 1930.

W. O. *Wilson,* for plaintiff in error. *Mitchell & Reiniger,* contra.

19795. INTERSTATE LIFE & ACCIDENT COMPANY v. FRAZIER.

JENKINS, P. J.  1. "A statement in an application for reinstatement of a policy of insurance, rendered necessary by the lapse of the same, that the insured is in 'good health,' is not to be construed as a warranty that his health is absolutely perfect, but only that his health is practically the same as it was when the policy was issued." *Massachusetts Benefit Life Asso.* v. *Robinson,* 104 *Ga.* 256 (10), 289 (30 S. E. 918, 42 L. R. A. 261); *Atlantic & Birmingham R. Co.* v. *Douglas,* 119 *Ga.* 658 (2) (46 S. E. 867). Accordingly, where, in a suit on a policy of life-insurance, commonly called an "industrial policy," which was originally issued December 27, 1926, but lapsed January 2, 1928, and was reinstated on an application therefor dated April 28, 1928, it appeared that at the time of the application for reinstatement the insured was about 24 years of age, and was working as a stevedore, and continued to work until within two weeks of his death, which occurred on May 28, 1928, and appeared to be in good health, and where the company's agent who took the application for reinstatment and signed a certificate of inspection certified that he had seen and examined the applicant, that he recommended reinstatement of the policy, and that he considered the applicant a "first-class" risk, and where the attending physician certified that the cause of the death of the applicant was "malaria," but another physician, who had performed an autopsy upon the body, testified that the cause of the death was tuberculosis, which must have existed in an advanced state at the date of the application for reinstatement, but who further testified that the deceased must have had tuberculosis for a year or more prior to his death, it can not be said as a matter of law that the reinstatement of the policy was void because of a false warranty made by the insured as to the state of his health at the time of its reinstatement. Consequently, it can not be said that the finding of the trial judge in the municipal court, in favor of the plaintiff, was unauthorized by the evidence.

2. "An insurable interest is not necessarily dependent upon marital relation or kinship by affinity or consanguinity. In a broad sense it may be said that any one has an insurable interest in the life of another where the latter feels sufficient interest in his welfare for any reason

either to substantially assist him during life, or to make a gift after death, which he perhaps may not be able to do during life." *Grand Lodge* v. *Barnard*, 9 *Ga. App.* 79 (70 S. E. 678); *Cherokee Ins. Co.* v. *Banks*, 15 *Ga. App.* 65, 67 (82 S. E. 597). Where it appeared that the beneficiary named in a policy of insurance was a distant cousin of the insured, with whom he boarded, and that the policy after becoming lapsed was reinstated at the instigation of the agent of the company, who told the beneficiary that if she would pay the cost of reinstatement and the weekly premiums, he (the agent) would get the insured to agree to her being named as the beneficiary, and that such change of beneficiary was accepted and approved by the company, it can not be held that the policy was void because the beneficiary named was without an insurable interest in the life of the insured. The fact that upon reinstatement of the policy the beneficiary named agreed to pay the weekly premiums could not operate to change the rule. *Ancient Order* v. *Brown*, 112 *Ga.* 545, 549 (37 S. E. 890).

3. Under the foregoing rulings, the judge of the superior court did not err in overruling the defendant's petition for certiorari.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 25, 1930.

*Bouhan & Atkinson,* for plaintiff in error.    *Stella Akin,* contra.