## NATIONAL AID LIFE ASS'N v. WILES.

No. 23940.   Jan. 29, 1935.

Rehearing Denied March 5, 1935.

Goode, Dierker & Goode and Snyder, Owen & Lybrand, for plaintiff in error.

M. L. Hankins and Tom C. Waldrep, for defendant in error.

PER CURIAM. The facts of this case follow, the parties being referred to as they appeared in the trial court.

On November 30, 1927, upon application of George L. Wiles, the defendant company issued two life insurance policies to the aforesaid insured, in which policies the plaintiff was named as beneficiary. Upon the decease of the insured, the plaintiff made demand on the defendant for payment of the policies, which demand was refused. The ground of refusal was stated to be that the policies were void because the insured had misrepresented his age in making application for the policies, and that he was, at that time, above the age limit prescribed by law.

The case was tried to a jury. After the testimony of both parties had been received, the court sustained the defendant's demurrer to the evidence and directed a verdict for the defendant.

The plaintiff thereupon filed her motion for a new trial, which motion was sustained.

The defendant, as plaintiff in error here, assigns but one error, to wit, the granting of the motion for new trial. In support of this assignment of error, the defendant urges that no competent testimony whatever was offered by the plaintiff to combat the evidence of the defendant as to the age of the insured; that the age of the insured was falsely represented and was beyond the age prescribed by the statute, and the policies were therefore void.

The plaintiff, on the other hand, contends that two competent items of evidence were offered in conflict with the defendant's position as to the age of the insured.

1.  The first of these items of evidence was the testimony of Thelma Wiles, which was excluded by the trial court. The plaintiff made proper offer of this testimony as follows:

"At this time the plaintiff offers to prove by this witness, and the plaintiff would testify if permitted, and such testimony would be the truth, that she had talked with her father about his age, that she was seventeen years of age at the time of his death, and that he had told her often of his age, and it was the general understanding in the family, and a matter of family history and tradition, that he was of the age of 54 years at the time the policy was taken out, the 30th day of November, 1927, and that he appeared to be a man of the age of 54 years and no more at that time; that he had that general appearance and that she saw him every day."

It is clear that a question of pedigree is not involved in this case, and hence the trial court committed no error in excluding that portion of the testimony based on family tradition. Such was the holding of this court in the case of Freeman v. First National Bank, 44 Okla. 146, 143 P. 1165, in which the following authorities were quoted with approval:

"Age may be proved by hearsay, when in question as a fact of pedigree. But not where the case is not one of pedigree, as, for instance, where the object is to establish infancy as a defense, or as an element in the crime of abduction, or generally where age is in question." Abbott's Proof of Fact, 162.

"Although the term 'pedigree' includes the facts of birth, marriage, and death, and the times when these events happened (Greenleaf on Evidence, sec. 104), and evidence of these facts is pertinent for the purpose of establishing pedigree, the several facts, or either of them, do not of themselves constitute pedigree, and a case in which the age of an individual is the issue to be determined is not a case of pedigree. 'A case is not necessarily a case of pedigree because it may involve the questions of birth, parentage, age, or relationship. Where these questions are merely incidental, and the judgment will simply establish a debt, or a person's liability on a contract, or his proper settlement as a pauper, and things of that nature, the case is not one of pedigree, although questions of marriage, legitimacy, death, or birth are incidentally inquired of.' Eisenlord v. Clum, 126 N. Y. 566, 27 N. E. 1024, 12 L. R. A. 836. See, also, Haines v. Guthrie, L. R. 13 Q. B. Div. 818." People v. Mayne, 118 Cal. 516, 50 Pac. 654, 62 Am. St. Rep. 256.

2. Neither did the court commit error in excluding the testimony which related to the declarations of the insured as to his age. Such declarations would have been admissible in cases relating to pedigree, or as admissions against interest. In the present case, however, neither of those elements is present. The proof of the age of the insured had nothing to do with his pedigree, and the declarations are entirely self-serving.

In the case of Tuite v. Supreme Forest Woodmen Circle, 193 Mo. App. 619, 187 S. W. 137, the court said:

"Evidence of declarations made by the insured in his own interest were self-serving and inadmissible, unless plaintiff is right in her contention that they related to a question of pedigree involved in this action. * * *

"In the present case, the question of pedigree was impertinent to any issue, since the action is merely one for the collection of a death benefit. Proof of age was not offered for any purpose connected with a subject of pedigree, and evidence of self-serving declarations made by Tuite respecting his age when he enlisted were the purest hearsay and should have been excluded under the general hearsay rule."

This rule is generally followed, as stated in 45 C. J. 324:

"The statements of insured in the application, as to his physical condition, are self-serving declarations and not admissible in behalf of the beneficiary. Likewise, the declarations of insured as to his age, corroborating his statements in the application, are inadmissible in favor of the beneficiary, unless they relate to a question of pedigree in issue."

In Jones on Evidence, sec. 297, the following appears:

"* * * The rigor with which the rule excluding hearsay has been adhered to under the common law system is no doubt due in part to a jealous preservation of the right of trial by jury. So rigidly is the rule adhered to that, except with the qualifications hereafter stated, the statements of persons who have since died or otherwise become disqualified as witnesses cannot be received as evidence, if such statements are in the nature of hearsay."

The case of Bell v. Bearman, 37 Okla. 645, 133 P. 188, does not conflict with this holding, as the declarations of the deceased in that case were competent as admissions against interest.

3. That portion of the testimony of Thelma Wiles which states that, in the opinion of the witness, the insured appeared to be of a certain age, was competent and should have been admitted. This is not hearsay, but direct evidence.

In the case of Bell v. Bearman, supra, this court said:

"It is competent to prove by witnesses that a person has the appearance of being of a certain age. State v. Grubb, 55 Kan. 678, 41 P. 951; State v. Bernstein, 99 Iowa, 5, 68 N. W, 442; Garner v. State, 28 Tex. App. 561, 13 S. W. 1004; Jones v. State, 32 Tex. Cr. R. 108, 22 S. W. 149; Bice v. State, 37 Tex. Cr. R. 38, 38 S. W. 803."

The Supreme Court of Kansas, in the case of State v. Grubb, supra, said:

"After fully stating, as far as practicable, the means of knowledge and the basis of an opinion as to the age of an absent person, any witness should be allowed to give such an opinion."

The testimony of the witness that "she saw him every day," is a sufficient basis of knowledge to make the opinion competent.

4. The plaintiff urges further that the application for insurance which was introduced by the defendant should be considered as evidence of the age of the insured. In such application the insured stated that he was born on February 19, 1873. At the bottom of the application appears the following statement signed by Mrs. E. M. Ward, the agent of the defendant company:

"I hereby certify that the answers to the questions in this application contained were all given by the applicant; that I believe them to be true; that the applicant's signature is in his own handwrite."

The self-serving declaration of the insured in the application is not admissible. 45 C. J. 324, supra.

The statement of the defendant's agent, however, is an admission against interest on the part of the defendant, and although unsworn is admissible.

This court considered a similar statement as competent in the case of National Union v. Kelley, 42 Okla. 98, 140 P. 1157, in which case it was said:

"The defendant's own medical examiner, Dr. M. C. Hill, made personal examination of the insured at the time of the latter's application, and, in answer to the 25 questions he was required to answer by the defendant's printed form of application used, this examiner certified to facts indicating the insured to be in fit physical condition, including as one of his answers the fact that this examiner believed the insured's foregoing answers to be true."

The opinion of an insurance company's agent, signed at the time the application was received, was also considered as competent evidence in the case of Interstate Life & Accident Co. v. Frazier, 40 Ga. App. 811, 151 S. E. 529.

Regarding written admissions, the following rule appears in 22 C. J. 306:

"The principle that written admissions are competent has been applied to an almost endless variety of writings and documents, among which may be mentioned; * * * a minute book kept by the agent of a fraternal benefit society; * * * an application for life insurance; an application for membership in a beneficial order;"—citing Lazarovitch v. Tatilbum, 103 Me. 285, 69 A. 275; United R., etc., Co. v. Cloman, 107 Md. 681, 69 A. 379; Seeley v. Osborne, 220 N. Y. 416, 116 N. E. 97 (Rev. 161 App. Div. 844, 147 N. Y. S. 116); Rea's Adm'x v. Trotter, 26 Gratt. (67 Va.) 585.

Admissions as to matters of opinion are competent where the fact that a party had a certain opinion at a particular time is of itself relevant. 22 C. J. 299; Hobart v. Plymouth County, 100 Mass. 159; Fowler v. Middlesex County Com'rs, 6 Allen (Mass.) 92.

The opinion of the defendant's agent would be competent if she were present at the trial in person, and her written opinion on the application was therefore admissible as an admission.

From the foregoing, it appears that there were two items of testimony which should have been considered as in conflict with the testimony of the defendant, and we therefore cannot hold that the trial court committed error in granting a new trial.

5. It is not our province in this appeal to weigh the testimony of the parties, nor to determine in advance the correctness of rulings which may or may not be made at the new trial. Neither is it proper for us to determine whether the case should have been submitted to the jury, as the only assignment of error concerns the granting of the new trial.

In the case of Adjustment Realty Co. v. County Excise Board, 141 Okla. 130, 284 P. 27, it was held:

"This court will not review an error which is not assigned in the petition in error."

6. An order of the trial court granting a new trial will not be reversed except in case of abuse of discretion, and every presumption will be indulged that such ruling is correct. Metropolitan Life Insurance Co. v. Plunkett, 109 Okla. 148, 234 P. 722; McGee v. Hurst, 91 Okla. 258, 217 P. 368; Eldred v. Pittsburg County Ry. Co., 93 Okla. 163, 220 P. 351; K. K. K. Medicine Co. v. Harrington, 83 Okla. 201, 201 P. 496.

We are aware that this court, in the case of City of Claremore v. Southwestern Sure-

ty Ins. Co., 82 Okla. 118, 198 P. 573, reversed an order granting a new trial when the evidence was such as to make unreasonable any other verdict than that which was rendered. We approve of the holding in that case, but because of the conflict of testimony in the present case, the rule announced therein is not applicable here.

Although the trial court did not indicate the reason for its order, it is apparent that competent evidence offered by the plaintiff was not considered, and in view of that fact we cannot say that the trial court abused its discretion in granting a new trial.

The other contentions of the parties are not material to this decision.

The order is affirmed.

The Supreme Court acknowledges the aid of Attorneys Nathan Scarritt, Sam P. Ridings, and C. D. Roseman in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Scarritt and approved by Mr. Ridings and Mr. Roseman, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, and CORN, JJ., concur.