BRAY *v.* MALCOLM *et al.*

594

No. 14224.   SEPTEMBER 22, 1942.

596

*Douglas, Andrews & Cole, F. Lee Evans,* and *M. B. Hughie,* for plaintiff in error.

*J. Wilson Parker, John W. Bolton,* and *MacDougald, Troutman & Arkwright,* contra.

BELL, Justice. ██ The plaintiff in error was the beneficiary in a life-insurance policy, and the insured, who was her divorced husband, had also assigned all of his interest in the policy to her. On basis of a written agreement between her and Mrs. Malcolm, and other writings signed by her and the insured, the policy was so changed as to substitute Mrs. Malcolm as the beneficiary. Unless the agreement was a wagering contract, it was based upon valuable considerations, consisting in part of extinguishment of a debt owed by Miss Bray to Mrs. Malcolm. The existence of the debt is admitted. The other considerations consisted of promises by Mrs. Malcolm to pay all future premiums on the policy, to furnish all necessary medicines and medical attention to the insured during the remainder of his life, to relieve Miss Bray of all responsibility for his care, nursing, and comfort so long as he should live, and after his death to pay his funeral and burial expenses to an amount specified. There is no contention that Mrs. Malcolm did not fully perform her part of the agreement precisely as she promised to do. The insured having died and the proceeds of the policy being in court under an interpleader, the judge directed a verdict in favor

of Mrs. Malcolm. The question is whether there were issues of fact that should have been submitted to the jury.

In the circumstances, Miss Bray could not recover as against Mrs. Malcolm without avoiding the written agreement and "the purported assignments" on some ground. Two of the three grounds on which she sought to avoid them were duress and conspiracy. She could not avoid them in equity on either of these grounds without obtaining the relief of cancellation; and since she would thus require affirmative equitable relief, she was bound by the rule that he who would have equity must do equity. Under this rule, before she would be entitled to recover, it would be incumbent on her to pay or tender to Mrs. Malcolm the amount of the debt which she owed to her, and otherwise restore or offer to restore the original status. The evidence showed that she did not do or offer to do equity in any respect, and there was nothing to show that such an offer if made would have been rejected. It follows that she could not recover on the basis of either duress or conspiracy. Code, § 37-104; *Williams* v. *Fouché,* 157 *Ga.* 227 (121 S. E. 217) ; *Cooper* v. *Peevy,* 185 *Ga.* 805 (196 S. E. 705) ; *Oliver* v. *Slack,* 192 *Ga.* 7 (14 S. E. 2d, 593) ; *Georgia Baptist Orphans Home Inc.* v. *Moon,* 192 *Ga.* 81 (14 S. E. 2d, 590).

■ "The insured may direct the money to be paid to his personal representative or to his widow, his children, or his assignee. Upon such direction given, and assented to by the insurer, no other person may defeat the same." Code, § 56-903. "One has the right to procure insurance on his own life and assign the policy to another, who has no insurable interest in the life insured, provided it be not done by way of cover for a wager policy." *Rylander* v. *Allen,* 125 *Ga.* 206 (53 S. E. 1032, 6 L. R. A. (N. S.) 128, 5 Ann. Cas. 355). While the insured in the instant policy had no right within himself to direct a change in the beneficiary at the time he requested the company to designate Mrs. Malcolm, Miss Bray and the insurance company both assented, and the change was made accordingly. There was no evidence that the contract of assignment between Miss Bray and Mrs. Malcolm, or any writing that was afterwards executed in pursuance thereof, was intended to effectuate any unlawful purpose. On the facts appearing, the agreement between the parties was not a wagering contract; and this is true even though it was agreed by Mrs. Malcolm that

she would pay future premiums for the purpose of keeping the policy in force, and would do other things for the benefit of the insured and Miss Bray. See *Union Fraternal League* v. *Walton,* 109 *Ga.* 1 (34 S. E. 317, 46 L. R. A. 424, 77 Am. St. R. 350); *Ancient Order United Workmen* v. *Brown,* 112 *Ga.* 545 (37 S. E. 890); *Clements* v. *Terrell,* 167 *Ga.* 237 (145 S. E. 78); *Hawkes* v. *Mobley,* 174 *Ga.* 481 (163 S. E. 494); *Adcock* v. *Mandeville Mills,* 182 *Ga.* 244 (2) (185 S. E. 288). *Interstate Life & Accident Co.* v. *Frazier,* 40 *Ga. App.* 811 (2) (151 S. E. 529); *National Life & Accident Co.* v. *Hankerson,* 49 *Ga. App.* 350 (3) (175 S. E. 590). The case differs on its facts from *Turner* v. *Davidson,* 183 *Ga.* 404, 409 (188 S. E. 828), where it was said that the beneficiary and the insurance agent, rather than the insured, were the persons "primarily concerned in the issuance of the policy." For the same case on second appearance, see 188 *Ga.* 736 (4 S. E. 2d, 814, 125 A. L. R. 401). Nor do other cases cited for the plaintiff in error require a different conclusion.

For the reasons stated above, regardless of other questions, the court did not err in directing the verdict in favor of Mrs. Malcolm.     *Judgment affirmed.     All the Justices concur.*