LANIER *v.* SHUMAN.

BELL, Presiding Justice. 1. The plaintiff prayed for cancellation of an assignment of a life-insurance policy, and recovery of the policy itself, on the ground that the policy had been assigned to the defendant "as collateral" in a partnership between them, and that, the partnership having

been terminated and settled, the defendant no longer has an insurable interest in the plaintiff's life. The defendant alleged and contended that the plaintiff was merely an employee, and that the policy was assigned in lieu of a surety bond for the purpose of assuring the defendant that all money collected and handled by the plaintiff for him would be properly paid over, and that this had not been done. *Held*, that the evidence authorized a finding for the defendant and against the plaintiff on the issue as to partnership. Code, §§ 75-101, 75-102; *Dawson National Bank* v. *Ward*, 120 *Ga*. 861 (48 S. E. 313); *Smith* v. *Hancock*, 163 *Ga*. 222 (2) (136 S. E. 52); *Corbin* v. *Collum*, 173 *Ga*. 681 (160 S. E. 771).

2. The evidence also authorized findings to the effect that the life-insurance policy was assigned to the defendant as security for money of the defendant that would be collected and handled by the plaintiff as an employee, and that the plaintiff was still indebted to the defendant for money which had thus been collected and handled by him. In such case, the assignment would be sufficiently supported by the relation of debtor and creditor, and would not be affected by termination of the employment; nor would it be material whether the defendant otherwise had an insurable interest in the life of the insured. *Exchange Bank of Macon* v. *Loh*, 104 *Ga*. 446 (31 S. E. 459, 44 L. R. A. 372); *Morris* v. *Georgia Loan, Savings & Banking Co.*, 109 *Ga*. 12 (34 S. E. 378, 46 L. R. A. 506); *Rylander* v. *Allen*, 125 *Ga*. 206 (53 S. E. 1032, 6 L. R. A. (N.S.) 128, 5 Ann. Cas. 355). The case differs on its facts from *Turner* v. *Davidson*, 183 *Ga*. 404 (188 S. E. 828), and 188 *Ga*. 736 (4 S. E. 2d, 814, 125 A. L. R. 401), in which the claim of the employer depended on the bare relationship of employer and employee.

3. Even though the plaintiff may not have been indebted to the defendant at the time the policy was assigned, the assignment would cover future indebtedness if so intended by the parties; and the jury were authorized to find that such was the intention. In such circumstances, the plaintiff would not be entitled to cancellation of the assignment on the ground that the indebtedness itself had finally become barred by the statute of limitations. Compare *Kirkpatrick* v. *Faw*, 182 *Ga*. 25 (184 S. E. 855); *Sammons* v. *Nabers*, 186 *Ga*. 161 (4), 163 (197 S. E. 284); *Duggar* v. *Quarterman*, 191 *Ga*. 314 (4), 318 (12 S. E. 2d, 302); *Holt* v. *Tate*, 193 *Ga*. 256 (3) (18 S. E. 2d, 12).

4. The evidence did not show that the assignment of the policy constituted a wagering contract, as contended. *Bray* v. *Malcolm*, 194 *Ga*. 593 (2) (22 S. E. 2d, 126); *Chapman* v. *Lipscomb-Ellis Co.*, 194 *Ga*. 640 (22 S. E. 2d, 393).

5. Under the ruling stated above, there was no merit in the exception to the charge of the court. The evidence authorized the verdict for the defendant, and the court did not err in overruling the plaintiff's motion for a new trial.     *Judgment affirmed. All the Justices concur.*

No. 14329. JANUARY 12, 1943.

251

*George M. Johnston,* for plaintiff.
*Prince H. Preston Jr.,* for defendant.